IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                Plaintiffs,            OPINION AND ORDER

   v.

                                          14-cv-16-jdp

DAN ZIMPRICH; CIARA ZIMPRICH;
LEGENDS OF THE FIELD, LLC;
SPORTS PLUS, LLC; GAMEDAY SPORTS;
and RICHARD MONCHER,

                Defendants.

---

      This is a copyright infringement case. Plaintiffs Scott Boehm and David Stluka are professional sports photographers. Defendants Dan and Ciara Zimprich used plaintiffs' photographs to make posters, fine art prints, and other items, which they and the other defendants sold. Plaintiffs contend that defendants' reproduction of their photographs was unauthorized, and thus infringing. The two companies that insured the Zimpriches (American Family Insurance) and Sports Plus (Acuity) have intervened to establish that their policies do not cover their insureds' liability for plaintiffs' claims.

      The parties have filed three motions for summary judgment, two of which concern us now because they have triggered further motions, which are the subject of this order.[1] Plaintiffs have filed a motion for partial summary judgment on two issues: that the Zimpriches, Legends of the Field, and Sports Plus are liable for copyright infringement; and that their infringement was willful. Dkt. 75. Sports Plus filed a motion for partial summary judgment that its infringement was not willful. Dkt. 65.

---

[1] The third motion is by American Family Insurance, seeking a declaration that the Zimpriches's liability is not covered under its policy. That motion will be decided in due course.

Now for the motions that are the subject of this order. The Zimpriches move, under Rule 56(d), to delay summary judgment briefing on the grounds that plaintiffs have not yet responded to certain discovery requests concerning plaintiffs' contracts with sports teams or leagues. Dkt. 105. The Zimpriches also moved to compel discovery responses from plaintiffs, Dkt. 108 (although they have since withdrawn that motion, Dkt. 149). The plaintiffs make a similar Rule 56(d) motion on the grounds that Sports Plus's alleged discovery delinquencies have prevented them from adequately opposing summary judgment. Dkt. 123.

The Rule 56(d) motions are denied.

## ANALYSIS

Rule 56(d) provides that where a party cannot present facts essential to justify its opposition to a motion for summary judgment for specified reasons, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. The burden is on the moving party to "state the reasons why [they] cannot adequately respond to the summary judgment motion without further discovery." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).

But Rule 56(d) must be applied in the light of basic principles set out clearly in the pretrial conference order:

> Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines.
>
> . . . .
>
> This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

Dkt. 31, at 2, 4.

**A. The Zimpriches' Rule 56(d) motion**

The Zimpriches contend that they cannot respond to plaintiffs' motion for summary judgment until they see plaintiffs' contracts with any sports teams or league related to the photographs at issue. The Zimpriches contend that such contracts may rebut plaintiffs' claims of ownership in the photographs.

The Zimpriches offer no plausible argument that any contract with a sports team or league would undermine plaintiffs' claim of ownership. The Zimpriches are correct that ownership of a valid copyright is essential to a copyright infringement case. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). But Boehm and Stluka have already produced prima facie evidence that they own valid copyrights: their certificates of registration. 17 U.S.C. § 410(c); *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) ("A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the validity of a copyright."). The Zimpriches may hope to argue that Boehm and Stluka transferred their ownership of the copyrights via contract, or that the photographs were created as works made for hire. But the Zimpriches acknowledge, at least implicitly, that they do not have a shred of evidence to support either theory.

If the Zimpriches had hoped to challenge plaintiffs' ownership of the copyrights asserted against them, they should have developed that evidence early in the case, well before plaintiffs moved for summary judgment. If plaintiffs were somehow delinquent in responding to the Zimpriches' discovery requests, the Zimpriches should have brought that issue to the court immediately, but they did so only a full month after plaintiffs moved for summary judgment.

Now things have gotten a little strange. Boehm and Stluka have informed the Zimpriches that they have no contracts with sports teams or leagues to produce, and they do not retain copies of their media credentials. The Zimpriches have apparently accepted that there is nothing

3

more to compel from plaintiffs, and they have withdrawn their motion to compel. But the Zimpriches do not withdraw their Rule 56(d) motion because they believe they are entitled to supplement their summary judgment opposition with the new information that plaintiffs have nothing further to produce.

If plaintiffs lack evidence sufficient to establish ownership, a crucial element of their case, I will deny their motion for summary judgment. But I will not deny plaintiffs' motion merely because the Zimpriches point out the possibility that plaintiffs do not own the copyrights at issue, if the Zimpriches have no evidence to raise a genuine dispute of fact concerning ownership. A further submission from the Zimpriches on the ownership issue is unnecessary.

## B. Plaintiffs' Rule 56(d) motion

Sports Plus moved for summary judgment that its infringement was not willful. Plaintiffs contend in their Rule 56(d) motion that they cannot effectively respond to the motion without discovery from Sports Plus. But plaintiffs have also moved for partial summary judgment, asking the court to rule that the undisputed facts show that Sports Plus's infringement was willful. Plaintiffs cannot have it both ways.

Even putting their own motion to the side, plaintiffs cannot make a case that they are entitled to Rule 56(d) relief. Plaintiffs contend that defendant Sports Plus has produced only 40 pages of purchase invoices from transactions with the Zimpriches' store. Although Boehm and Stluka point out unresolved questions around Sports Plus's participation in the alleged infringement, they do not specify exactly what they intend to discover that would allow them to properly oppose summary judgment. *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 885 (7th Cir. 2005) (denying relief where a party's request was "based on nothing more than mere speculation and would amount to a fishing expedition") (internal citations omitted); *Grundstad v. Ritt*, 166

4

F.3d 867, 873 (7th Cir. 1999) ("vague assertions that further discovery would develop genuine issues of material fact" are insufficient to merit Rule 56(d) relief) (internal quotations omitted).

More fundamentally, plaintiffs have not shown that they have been diligent in seeking discovery from Sports Plus or in bringing any discovery issues to the court for resolution. Plaintiffs contend that at the September 3, 2014, hearing (on another motion) they complained generally about the defendants' diligence in responding to discovery requests. But this does not count as diligent pursuit of necessary discovery. Sports Plus maintains that it has produced every business record in its possession or control that is responsive to plaintiffs' requests. Dkt. 133, at 2. Plaintiffs offer no reason to doubt that assertion. A party cannot produce what it does not have. Plaintiffs' request for an order compelling discovery is, like its motion under Rule 56(d), denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Scott Boehm's and David Stluka's motion for relief under Rule 56(d), Dkt. 123, is DENIED.

2. Defendants Dan and Ciara Zimprich's motion for a continuance under Rule 56(d), Dkt. 105, is DENIED.

Entered this 13th day of November, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge

5