IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                Plaintiffs,

  v.

DAN ZIMPRICH, CIARA ZIMPRICH,
LEGENDS OF THE FIELD, LLC,
GAMEDAY SPORTS, LLC, and
RICHARD MONCHER,

                Defendants.

OPINION & ORDER

14-cv-16-jdp

---

A year after the court entered default judgment against defendant Richard Moncher for copyright infringement, Dkt. 183, Moncher moved to vacate it. Dkt. 186. He contends that he was never properly served, which means that this court never had personal jurisdiction over him and the default judgment entered against him is void. He asks the court to set aside the judgment under Federal Rule of Civil Procedure 55(c), and to give him relief from judgment under Rule 60(b)(4). The court will do so and dismiss Moncher from the case.

BACKGROUND

Plaintiffs alleged that Moncher infringed their copyright by offering canvases using one of their images for sale on his website. They contacted Moncher via email with a cease and desist letter in April 2013. Just over a year later, they attempted to serve him with the complaint in this case. They executed a skip trace to locate Moncher and came up with an address in Beverly Hills, California. That address turned out to be for a company that rents mailboxes. Nevertheless, plaintiffs attempted to execute abode service at that address and left

the complaint with a woman there named Maria. The case proceeded without Moncher's participation and he defaulted. The court entered judgment against him on February 20, 2015.

A year later, Moncher moved to vacate the default. Moncher claims that he has never lived at the address that plaintiffs used, does not know the person who accepted service on his behalf, and never received proper service.

ANALYSIS

To vacate a default judgment, Moncher must demonstrate that he had good cause for his delayed action, that he took quick action to set aside the default, and that he has a meritorious defense against plaintiffs' claims. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Moncher does not attempt to explain his delay or to articulate a meritorious defense. Instead, he insists that because he was never properly served, the court never exercised personal jurisdiction over him. If that is true, then the default judgment against him is void. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011) ("A judgment entered against a defendant over whom the court had no jurisdiction is void, and no court has the discretion to refuse to vacate that judgment once it recognizes its lack of jurisdiction.").

Once plaintiffs filed this suit, it was their obligation to timely serve each defendant with a summons and copy of the complaint to establish personal jurisdiction. Fed. R. Civ. P. 4(c)(1); *see also Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003). Plaintiffs elected to serve Moncher via abode service by delivering a summons and copy of the complaint to Moncher's home pursuant to Rule 4(e). But the address that they used was not Moncher's home, and

the person who took the papers never passed them along, so service was not perfected. Moncher's actual knowledge of the litigation, which plaintiffs allege Moncher had, is insufficient to cure the deficient service. *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). There is no evidence that Moncher was evading service or that plaintiffs could not have successfully used another means to serve him. It should have been obvious that a rental mailbox storefront was not an abode, and plaintiffs could have tried again to serve Moncher, but apparently, they made only the one unsuccessful attempt.

Without proper service, the court does not have personal jurisdiction, making the default judgment void. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Because the default judgment is void, Rule 60(b) relief is appropriate. *Philos Techs.*, 645 F.3d at 855 ("Once a district court decides that the underlying judgment is void, the trial judge has no discretion and must grant the appropriate Rule 60(b) relief, and it is a per se abuse of discretion to deny a Rule 60(b)(4) motion when the trial court has no jurisdiction over the action." (internal quotation marks and citation omitted)). Accordingly, the default judgment will be vacated and Moncher will be dismissed from the case.

ORDER

IT IS ORDERED that:

1. Defendant Richard Moncher's motion to vacate the default judgment against him, Dkt. 186, is GRANTED. The judgment is vacated and Moncher is dismissed from the case.

2. Plaintiffs' motion for an extension, Dkt. 189, is GRANTED.

Entered April 13, 2016.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge