IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

       Plaintiffs,

 v.
                     ORDER

DAN ZIMPRICH, CIARA ZIMPRICH,
                     14-cv-16-jdp
LEGENDS OF THE FIELD, LLC, SPORTS PLUS, LLC,
GAMEDAY SPORTS, and RICHARD MONCHER,

       Defendants.

---

   On January 16, 2015, plaintiffs reached a settlement with, and voluntarily dismissed, defendants Legends of the Field, LLC, Sports Plus, LLC, and Dan and Ciara Zimprich (collectively, the Zimpriches) from this case *with prejudice* under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Dkt. 174; Dkt. 175; Dkt. 176. Plaintiffs have now moved to vacate those dismissals in this closed copyright infringement case. Dkt 199.[1] Plaintiffs contend that the Zimpriches breached the settlement, which was a "condition precedent" to the dismissal, so the court should vacate the dismissal and allow the parties to pick up where they left off.

   Plaintiffs have also filed a new infringement suit against the Zimpriches, Case No. 15-cv-683, which the Zimpriches contend is itself a breach of the settlement agreement. The court will deal with the '683 case in due course, but it has no impact on this case.

   The court lacks jurisdiction to vacate the dismissal and will not reopen this case. *Magruder v. Fid. Brokerage Servs. LLC*, 818 F.3d 285, 288 (7th Cir. 2016) ("[I]f parties settle

---

[1] Plaintiffs have also moved for leave to file a reply brief to the motion. Dkt. 205. The motion will be granted.

litigation that arose under federal law, any contest about that settlement needs an independent jurisdictional basis."). It does not matter whether the settlement agreement itself provides for this court's jurisdiction in the event of breach; parties cannot contract into jurisdiction. *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties cannot confer subject-matter jurisdiction by agreement."). At most, plaintiffs might have a breach of contract case, but that would arise under state law. *Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573-74 (7th Cir. 2015) ("A disagreement about whether parties to a settlement have honored their commitments is a contract dispute."). The court does not have diversity jurisdiction under 28 U.S.C. § 1332 in this case. Accordingly, plaintiffs' motion to vacate will be denied.

Plaintiffs have also moved for reconsideration of a previous order in this case, Dkt. 198, which dismissed defendant Richard Moncher for lack of personal jurisdiction.[2] Dkt. 207. The court will deny the motion. Plaintiffs failed to properly serve Moncher in 2014, and so the court never had personal jurisdiction over him. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Accordingly, the default judgment entered against him was void and the court dismissed him from the case.[3]

Plaintiffs do not disagree with any of this. But they contend that they should have the opportunity to try again and proceed to the merits of their claims against Moncher. Plaintiffs named Moncher in this case on April 4, 2014, Dkt. 33, and they had 90 days to serve him.

---

[2] Moncher moved for leave to file his opposition to the motion for reconsideration. Dkt. 208. His motion will be granted.

[3] Plaintiffs had 28 days from that order to move the court to reconsider it. Fed. R. Civ. P. 59(e). They missed that deadline by several months, which would be reason enough to deny their motion.

Fed. R. Civ. P. 4(m). They did so carelessly, and service was not perfected. The court might have had some sympathy for their service difficulties if they had promptly sought to address the problem. But they waited until July 5, 2016, to move for reconsideration of the court's order dismissing Moncher from the case. Plaintiffs lack good cause to extend the time for service by more than two years. Their motion will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiffs Scott Boehm and David Stluka's motion to vacate the entry of dismissal, Dkt. 199, is DENIED.

2. Plaintiffs' motion for leave to reply, Dkt. 205, is GRANTED.

3. Plaintiffs' motion for reconsideration, Dkt. 207, is DENIED.

4. Nonparty Richard Moncher's motion for leave to file a response brief, Dkt. 208, is GRANTED.

Entered August 12, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge